No. 73–270. EAKES *v.* SOUTH DAKOTA. Sup. Ct. S. D. Certiorari granted, judgment vacated, and case remanded for further consideration in light of *Miller* v. *California,* 413 U. S. 15 (1973); *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49 (1973); *Kaplan* v. *California,* 413 U. S. 115

(1973); *United States* v. *12 200-Ft. Reels of Film,* 413 U. S. 123 (1973); *United States* v. *Orito,* 413 U. S. 139 (1973); *Heller* v. *New York,* 413 U. S. 483 (1973); *Roaden* v. *Kentucky,* 413 U. S. 496 (1973); and *Alexander* v. *Virginia,* 413 U. S. 836 (1973). MR. JUSTICE DOUGLAS, being of the view that state obscenity regulation is prohibited by the Fourteenth and First Amendments (see *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 70 (DOUGLAS, J., dissenting)), would grant certiorari in this case and reverse the judgment of conviction.

MR. JUSTICE BRENNAN, with whom MR. JUSTICE STEWART and MR. JUSTICE MARSHALL concur, dissenting.

Petitioner was convicted on charges of possessing with intent to exhibit an obscene film in violation of S. D. Comp. Laws Ann. § 22–24–12 (Supp. 1973), which provides as follows:

> "Every person who knowingly sends or causes to be sent, or brings or causes to be brought, by any means, into this state for sale or distribution, or in this state, prepares, writes, composes, stereotypes, prints, publishes, sells, offers to sell, keeps for sale, exhibits, makes, distributes, offers to distribute, or has in his possession with intent to distribute, or to exhibit or to offer to exhibit, any obscene matter, is guilty of a misdemeanor."

Obscenity for purposes of § 22–24–12 is defined by § 22–24–11 (1) as

> "that which, by contemporary standards as hereinafter set forth, considered as a whole, has as *its* dominant theme or purpose an appeal to prurient interest."

It is my view that "at least in the absence of distribu-

tion to juveniles or obtrusive exposure to unconsenting adults, the First and Fourteenth Amendments prohibit the State and Federal Governments from attempting wholly to suppress sexually oriented materials on the basis of their allegedly 'obscene' contents." *Paris Adult Theatre I* v. *Slaton,* 413 U. S. 49, 113 (1973) (BRENNAN, J., dissenting). It is clear that, tested by that constitutional standard, § 22–24–12, in conjunction with § 22–24–11 (1), is constitutionally overbroad and therefore invalid on its face. For the reasons stated in my dissent in *Miller* v. *California,* 413 U. S. 15, 47 (1973), I would therefore grant certiorari, vacate the judgment of the Supreme Court of South Dakota, and remand for further proceedings not inconsistent with my dissent in *Paris Adult Theatre I.* In that circumstance, I have no occasion to consider whether the questions presented in the petition merit plenary review. See *Heller* v. *New York,* 413 U. S. 483, 494 (1973) (BRENNAN, J., dissenting).